**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE No. | 15-50724 (JAM) |
| MATTHEW B. SALVATORE, | ) | CHAPTER | 7 |
| DEBTOR. | ) | | |
| MICHELE SALVATORE | ) | Adv. Pro. No. | 17-05024 |
| PLAINTIFF, | ) | ECF Nos. | 7, 8 |
| vs. | ) | | |
| MATTHEW B. SALVATORE | ) | | |
| DEFENDANT. | ) | | |

**Appearances**

Kellianne Baranowsky
Lauren McNair
Jeffrey M. Sklarz
*Attorneys for Plaintiff*
Green & Sklarz LLC
700 State Street, Suite 100
New Haven, CT 06511
Phone: 203-285-8545
Email: kbaranowsky@gs-lawfirm.com
      lmcnair@gs-lawfirm.com
      jsklarz@gs-lawfirm.com

Ellery E. Plotkin
*Attorney for Defendant*
777 Summer Street
2nd Floor
Stamford, CT 06901
Phone: 203-325-4376
Email: EPlotkinJD@aol.com

**MEMORANDUM OF DECISION ON MOTION TO DISMISS**

I.    **Introduction**

On May 28, 2015 (the "Petition Date"), Matthew B. Salvatore (the "Defendant"), filed a voluntary Chapter 7 petition. The deadline to file objections to discharge or dischargeability of a

debt was set as August 24, 2015. No objections were filed, and the Debtor received a discharge on August 26, 2015. (ECF No. 17). On January 9, 2016, the Chapter 7 Trustee filed a report of no distribution and the bankruptcy case was closed on January 13, 2016.

On June 19, 2017, Michele Salvatore (the "Plaintiff"), filed a motion to reopen the case. After a hearing held on June 27, 2017, the Court entered an Order Granting the Plaintiff's Motion to Reopen Bankruptcy Case in Order to Obtain Determination of Nondischargeability Pursuant to 11 U.S.C. § 523(a) (the "Order Reopening the Case," ECF No. 37).

On August 24, 2017, the Plaintiff filed an adversary complaint against the Defendant (the "Complaint," Adv. Pro. ECF No. 1), seeking a determination of nondischargeability of a debt owed to her pursuant to 11 U.S.C. § 523(a)(3)(B) ("Count One") and 11 U.S.C. § 523(a)(6) ("Count Two"), and a revocation of discharge under 11 U.S.C. § 727(d)(1) ("Count Three"). On September 26, 2017, the Defendant filed a Motion to Dismiss Adversary Proceeding (Adv. Pro. ECF 7) and a Memorandum of Law in Support of Motion to Dismiss Adversary Proceeding (Adv. Pro. ECF 8) (collectively, the "Motion to Dismiss").

The Motion to Dismiss asserts that Count One and Count Two should be dismissed for lack of jurisdiction, lack of notice, and failure to state a claim upon which relief may be granted. The Defendant also asserts that dismissal of Count Three is appropriate due to a "lack of disclosure," and because the claim is time-barred. On November 1, 2017, the Plaintiff filed an Objection to the Motion to Dismiss (Adv. Pro. ECF 14), and a Memorandum of Law in Opposition to the Motion to Dismiss (Adv. Pro. ECF 15) (collectively, the "Objection"). On November 20, 2017, the Defendant filed a Reply to the Objection (the "Reply," Adv. Pro. ECF 17). After reviewing all relevant submissions by both parties, and for the reasons set forth below, the Motion to Dismiss is hereby GRANTED in part and DENIED in part.

**II.     Jurisdiction**

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). The Bankruptcy Court derives its authority to hear and determine this matter pursuant to 28 U.S.C. § 157(a) and (b)(1) and the General Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

**III.    Standard**

   ***A. Federal Rule of Civil Procedure 12(b)(1)-subject matter jurisdiction***

Federal Rule of Civil Procedure 12(b)(1) is made applicable in bankruptcy proceedings through Bankruptcy Rule 7012(b). *See* Fed. R. Bankr. P. 7012(b). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *In re Ener1, Inc.*, 558 B.R. 91, 94–95 (Bankr. S.D.N.Y. 2016) (quoting *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000)). All material facts alleged in the complaint must be accepted as true, but the court need not draw inferences favorable to the plaintiff, as is the case with a Rule 12(b)(6) motion to dismiss. *Id*; *In re Bernard L. Madoff Inv. Sec. LLC*, 561 B.R. 334, 344 (Bankr. S.D.N.Y. 2016). The court may review pleadings as well as matters outside the pleadings to resolve factual disputes about the existence of jurisdiction to hear an action, and the party asserting jurisdiction bears the burden of proof. *In re Bernard L. Madoff Inv. Sec. LLC*, 561 B.R. at 344-45.

   ***B. Federal Rule of Civil Procedure 12(b)(6)-failure to state a claim upon which relief can be granted***

Rule 12(b)(6) of the Federal Rules of Civil Procedure is made applicable in bankruptcy proceedings through Bankruptcy Rule 7012(b). *See* Fed. R. Bankr. P. 7012(b). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a pleading must contain a short, plain statement

3

of the claim showing the pleader is entitled to relief,[1] and a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007)).  A pleading cannot merely recite the elements of a cause of action, nor "tender[] naked assertion[s] devoid of further factual enhancement." *Id.*

In *Iqbal*, the United States Supreme Court described a two-step analysis to evaluate the sufficiency of a complaint.  First, all allegations contained in the complaint, except legal conclusions or "naked assertions," must be accepted as true, and second, the complaint must state a plausible claim for relief.  *Id.* at 678-79.  "A claim is facially plausible where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re Sagarino*, No. 16-21218 (JJT), 2017 WL 3865625, at *2 (Bankr. D. Conn. Aug. 29, 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted).  Determining the plausibility of a claim for relief is context-specific and "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### C. *Federal Rule of Civil Procedure 9(b)-pleading fraud with particularity*

Federal Rule of Civil Procedure 9(b) is made applicable in bankruptcy proceedings through Bankruptcy Rule 7009.  *See* Fed. R. Bankr. P. 7009.  Rule 9(b) requires a party to state with particularity the circumstances surrounding an allegation of fraud.  Fed. R. Civ. P. 9(b); Fed. R. Bankr. P. 7009.  Pleading fraud with particularity "ordinarily requires a complaint alleging fraud to (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *United States ex rel. Chorches for Bankr. Estate of Fabula v. Am. Med. Response,*

---

[1] Fed. R. Civ. P. 8(a)(2).

4

*Inc.*, 865 F.3d 71, 81 (2d Cir. 2017) (internal quotations omitted). "The adequacy of particularized allegations under Rule 9(b) is . . . case- and context-specifict . . ." *Espinoza ex rel. JPMorgan Chase & Co. v. Dimon*, 797 F.3d 229, 236 (2d Cir. 2015). Allegations of malice, intent, and other conditions of a person's mind may be alleged generally. Fed. R. Civ. P. 9(b); *In re Licata*, No. 02-51167 (JJT), 2017 WL 2588337, at *4 (Bankr. D. Conn. June 14, 2017).

    **IV.**    **Facts Alleged in the Complaint**

The Complaint alleges the following facts, which pursuant to *Iqbal* and other controlling case law, the Court must accept as true for the purposes of the Motion to Dismiss:

1. The Plaintiff and the Defendant were married in April 2003. Compl. at ¶ 6.

2. On October 16, 2014, the Defendant was arrested for an altercation with the Plaintiff where the Defendant spit on and yelled at the Plaintiff in front of their children, pretended the Plaintiff hit him with her car, and called the police on the Plaintiff to falsely report the same (the "October 2014 incident"). *Id.* at ¶¶ 14-24.

3. On May 31, 2015, the Court's BNC Certificate of Mailing (ECF No. 6) regarding the notice of commencement of the Defendant's Bankruptcy Case was docketed. *Id.* at ¶ 32.

4. The Plaintiff was not listed on the May 31, 2015 BNC Certificate of Mailing. *Id.* at ¶ 34.

5. On June 18, 2015, the Defendant filed an Amended List of Creditors with the Plaintiff's name listed (ECF No. 11), but no certification appears on the docket regarding service of the Amended List of Creditors, and the Plaintiff did not receive notice. *Id.* at ¶¶ 35-6.

6. On June 18, 2015, the Defendant filed his bankruptcy schedules, listing the Plaintiff as a "Notice Party" on Schedule F, with a claim amount listed as "N/A," but did not serve the Plaintiff with the schedules. *Id.* at ¶ 37.

7. The Plaintiff's claims for alimony and child support payments were not listed on the

5

Defendant's schedules, and Schedule E stated that the Defendant had no creditors holding unsecured priority claims. *Id.* at ¶ 38.

8. The Defendant listed no claim relating to the October 2014 Incident. *Id.*

9. The Defendant's Schedule J lists a $1,000.00 "Guardian Ad Litem" expense and $2,600 "Support/Alimony" expense. *Id.* at ¶ 39.

10. The first notice the Plaintiff received of the Defendant's bankruptcy case was receipt of the Court's August 28, 2015 BNC Certificate of Mailing (ECF No. 18) regarding the Defendant's discharge. *Id.* at ¶¶ 41-3.

**V.     Analysis of Claims raised in the Motion to Dismiss for Lack of Jurisdiction**

   *A. Pleading Deficiencies*

At the outset, and as noted in the Objection, the Motion to Dismiss fails to provide any procedural basis upon which the Defendant relies to obtain the relief requested. The Reply cites to Federal Rule of Bankruptcy Procedure 9024, which specifically states that actions to revoke a discharge must be brought within one year pursuant to 11 U.S.C. § 727(e). The Reply also asserts that as to all three counts, the Plaintiff has provided only "mere allegations" of the elements of each claim. While Federal Rule of Civil Procedure 7(b)(1)(B) does require a motion to state "with particularity" the grounds for seeking relief, this rule is meant to give notice of the claims to the court and the opposing party and to provide the opposing party an opportunity to respond. *Feldberg v. Quechee Lakes Corp.*, 463 F.3d 195, 197 (2d Cir. 2006). Although lacking information in certain respects, the Motion to Dismiss does achieve the bare minimum of providing the Plaintiff with notice of the claims asserted in the Motion to Dismiss.

   *B. Subject Matter Jurisdiction*

The Defendant further argues that the "Adversary Proceeding be dismissed for lack of

6

Jurisdiction." The Court has determined that it has subject matter jurisdiction over the adversary proceeding pursuant to 28 U.S.C. § 1334(b) and that this is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J). The Plaintiff satisfied her burden of establishing subject matter jurisdiction in her Objection. Therefore, the Motion to Dismiss the entire complaint for lack of jurisdiction is denied.

### C. Adequate Notice

The Defendant predominately argues that that the Plaintiff had notice of his bankruptcy case and therefore this action must be dismissed.[2] However, for the purposes of a motion to dismiss, facts alleged in a complaint are accepted as true. *Iqbal*, 556 U.S. at 678. The Complaint alleges that the Plaintiff did not receive notice, and that a certificate of service was not contemporaneously filed on the docket attesting otherwise. Therefore, the Motion to Dismiss the entire complaint based on the assertion that the Plaintiff had notice of the Defendant's bankruptcy case is denied.

### D. Dismissal of Counts One and Two

Although the arguments advanced in the Motion to Dismiss Counts One and Two are limited to whether the Plaintiff received notice of the bankruptcy case prior to the Defendant receiving a discharge (addressed above), the Defendant also argues in his Reply that the Plaintiff only pleaded "mere allegations" of the elements of 11 U.S.C. §§ 523 (a)(3)(B) and (a)(6). The Court will interpret the Defendant's Motion to Dismiss and Reply as seeking relief under Federal Rule of Civil Procedure 12(b)(6).

---

[2] The Defendant cites to *In re Greenberg*, a case where a creditor and counsel similarly argued they lacked notice. 526 B.R. 101, 105-06 (Bankr. E.D.N.Y. 2015). However, the court in *Greenberg* found that the creditor and counsel failed to rebut the presumption of receipt of notice when the Debtor filed an affirmation of service that all persons, including the creditor and counsel, were served via first class mail. *Id. Greenberg* is distinguishable from this case. Here, neither the Debtor nor his counsel filed a contemporaneous certificate of service that the Plaintiff received notice of the bankruptcy case prior to the entry of a discharge. *Compare Id. with* Compl. at ¶ 43.

    *i.    Count One – Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(3)(B)*

Section 523(a)(3)(B) provides, in relevant part:

(a) A discharge under section 727 … of this title does not discharge an individual debtor from any debt—
    (3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
        (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing request.

11 U.S.C. § 523(a)(3)(B). To bring a claim under 11 U.S.C. § 523(a)(3)(B), a movant must demonstrate that (1) the movant's claim was neither listed nor scheduled in time to file a timely objection, (2) the movant did not have notice or actual knowledge of the debtor's case in time to file a timely objection and (3) the usual elements of nondischargability under § 523(a)(4) or (6) "as the case may be," are satisfied. *First Nat'l Ins. Co. of Am. V. Raymond A. Bartomeli, Jr. (In re Bartomeli)*, 303 B.R. 254, 267-68 (Bankr. D. Conn. 2004).

In this case, the first element of the *Bartomeli* test is met. Although the Defendant listed the Plaintiff's name on his Schedule F as a "Notice Party" and listed the amount of the claim as "N/A," Scheduled F was not served on the Plaintiff before the deadline to file an objection to discharge and/or a nondischargeablilty action. Compl. at ¶ 37. Additionally, alimony and child support payments were not listed on the Defendant's schedules, and neither was any reference to the October 2014 incident. *Id.* at ¶ 38. Taking these allegations as true, the first requirement of 11 U.S.C. § 523(a)(3)(B) is met. The second requirement is also met, because the Complaint alleges that the Plaintiff did not receive notice and had no actual knowledge of the Defendant's bankruptcy case until after the expiration of the bar date to bring such an action. *Id.* at ¶¶ 41-42.

8

Whether the Plaintiff has adequately alleged the third element of the *Bartomeli* test is contained in the discussion of Count Two, below.

  *ii.*  *Count Two – Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6)*

The third element of an 11 U.S.C. § 523(a)(3)(B) action is that the creditor must prove "the usual elements of nondischargeability under . . . Section 523(a) . . . (6)." *In re Bartomeli*, 303 B.R. at 268. Section 523(a)(6) provides, in relevant part:

> (a) A discharge under section 727 … of this title does not discharge an individual debtor from any debt—
>> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6). "Under Section 523(a)(6), a debt will be nondischargeable if obtained by willful and malicious injury by the debtor." *Murphy, et. al. v. Snyder, et. al. (In re Snyder)*, Adv. Pro. No. 15-05042 (JAM) 2017 WL 1839122 at *11 (Bankr. D. Conn., May 5, 2017). The plaintiff must prove (1) the debtor acted willfully; (2) the debtor acted maliciously; and (3) the "debtor's willful and malicious actions caused injury to the plaintiff or the plaintiff's property." *In re Powell*, 567 B.R. 429, 434 (Bankr. N.D.N.Y. 2017). The "willfulness element requires that a plaintiff prove a deliberate and intentional injury, not merely a deliberate or intentional act that leads to injury." *In re Snyder*, 2017 WL 1839122 at *11 (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)) (internal quotations omitted). "As used in section 523(a)(6), malicious means wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will." *In re Stelluti*, 94 F.3d 84, 87-88 (2d Cir. 1996).

With respect to the first element, the Plaintiff relies on the facts of the October 2014 incident where the Defendant publically shouted at and insulted the Plaintiff, spit on her, pretended to be hit by her car, and called the police to make a false report, all in front of the parties' minor children. Compl. at ¶¶ 15-21. The Plaintiff alleges that this led to an injury

9

amounting to intentional infliction of emotional distress, false imprisonment, slander per se, and assault. *Id.* at ¶ 56. In accepting these allegations as true, the Court finds these actions allege a cause of action of deliberate and intentional injury within the meaning of Section 523(a)(6). The Defendant's alleged conduct during the October 2014 incident also satisfies the second element of maliciousness, as defined by *Stelluti*, because the Defendant's actions that day were "without just cause" and "excessive." Finally, the Plaintiff properly alleged that the Defendant's conduct and actions, which were willful and malicious, caused her harm.

Therefore, the Plaintiff has pleaded a legally sufficient claim under 11 U.S.C. §§ 523(a)(3)(B) and 523(a)(6). The Defendant's Motion to Dismiss as to Counts One and Two is denied.

### A. *Dismissal of Count Three*

The Defendant argues there was a "lack of disclosure" that the Plaintiff would be seeking to revoke his discharge, that Count Three is time barred by 11 U.S.C. § 727(e)(1), and that Count Three fails to allege conduct rising to the level of fraud. First, the lack of disclosure argument is without merit and is not grounds upon which to dismiss a complaint. Count Three was included on the draft Complaint attached to the Motion to Reopen, and the Plaintiff's intent to move to revoke the Defendant's discharge was discussed on the record at the hearing on the Motion to Reopen held on June 27, 2017, during which the Defendant's counsel was present.

The Defendant next argues that Count Three is time barred by 11 U.S.C. §727(e)(1). A request to revoke a debtor's discharge under 11 U.S.C. § 727(e)(1) must be made within one year of discharge. *In re Fickling*, 361 F.3d 172, 177 (2d Cir. 2004) (creditor forfeited the right to revoke a discharge for fraud by failing to bring the revocation action within one year of the entry of the order granting a discharge); *see also In re Emery*, 132 F.3d 892, 897 (2d Cir. 1998) (11

10

U.S.C. § 727(e) sets the limit for § 727(d) action at one year from the date of the order of discharge); *In re Tylee*, 512 B.R. 409, 415, 419 (Bankr. E.D.N.Y. 2014) (revoking discharge when creditor satisfied the elements of 11 U.S.C. § 727(d) and commenced the action within one year of the granting of the discharge); *Marlin v. U.S. Tr.*, 333 B.R. 14, 22 (W.D.N.Y. 2005) ("the *Emery* opinion [is] clear and controlling and [ ]the § 727(e) limitations period ... run[s] from the actual date of discharge"); *Weil v. Elliott*, 859 F.3d 812, 814 (9th Cir. 2017) ("[t]he time limit imposed by § 727(e)(1) is not a 'jurisdictional' constraint. It is an ordinary, run-of-the-mill statute of limitations, specifying the time in which a type of action must be filed."); *In re Abdelmassia*, 362 B.R. 207, 213 (Bankr. D.N.J. 2007) (a majority of courts have found that the express statutory language of §727(e)(1) presumes that the party seeking revocation of the discharge did not know of the fraud until after the discharge, and thus equitable tolling is inappropriate); *In re Bevis*, 242 B.R. 805, 808-09 (Bankr. D.N.H. 1999) ("[r]eading equitable tolling into § 727(e)(1) appears to upset a decision already made by Congress."). The facts of this case establish that the Plaintiff's cause of action to revoke the Defendant's discharge was not brought within one year from the date of the entry of the discharge.

Because Count Three is time-barred pursuant to 11 U.S.C. § 727(e)(1), the Court does not need to reach the merits of whether the Plaintiff adequately pleaded a claim for relief pursuant to Federal Rules of Civil Procedure 9 and 12(b)(6). Therefore, the Defendant's Motion to Dismiss as to Count Three is granted.

### VI.  Conclusion

For the reasons set forth above, it is hereby

**ORDERED:** Pursuant to Fed. R. Civ. P. 12 and Fed. R. Bankr. P. 7012, the Defendant's Motion to Dismiss as to Count One and Two of the Complaint is **DENIED**; and it is further

**ORDERED:** Pursuant to 11 U.S.C. § 727(e)(1), the Motion to Dismiss as to Count Three of the Complaint is **GRANTED**; and it is further

**ORDERED:** A Pretrial Conference shall be held in this adversary proceeding on **July 24, 2018 at 11:00 a.m.** to discuss, among other things, the entry of a Pretrial Order in this adversary proceeding.

Dated at Bridgeport, Connecticut this 21st day of June, 2018.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut